IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS GABRIEL PEREZ VALENCIA | ) | CASE NO. 4:10CV1232 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| RODDIE RUSHING, WARDEN | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Petitioner *pro se* Carlos Gabriel Perez Valencia, incarcerated in the Northeast Ohio Correctional Center, Youngstown, Ohio, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On November 30, 2007, he pled guilty in the United Stated District Court for the Northern District of Illinois to attempted drug conspiracy in violation of 21 U.S.C. § 846 and was sentenced to a term of imprisonment of 60 months. He alleges deliberate indifference to dental care. Petitioner states that he is unable to eat properly because he has only three teeth on one side and is bleeding and in pain. He believes he qualifies for partial dentures. An attachment to the Petition shows that he had an x-ray of his teeth and was told that he needed to have a molar extracted.

An inmate may have a cause of action under the Eighth Amendment for deliberate indifference to dental care. *Flanory v. Bonn*, 604 F.3d 249, 255 (6th Cir. 2010). However, a claim regarding the conditions of confinement cannot be brought in a habeas action pursuant to 28 U.S.C. §§ 2241 or 2254. *Davis v. Zych*, 2009 WL 1212489 * 2 (E.D. Mich., May 4, 2009) (citing *Sullivan v. United States*, 90 Fed. Appx. 862 (6th Cir.2004) (" § 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits"); *Alston v. Gluch,* 921 F.2d 276 (6th Cir. Dec.4, 1990); *Hodges*

*v. Bell,* 170 Fed. Appx. 389, 393 (6th Cir.2006). Claims for deliberate indifference to medical care filed by federal prisoners should be brought in a civil rights action pursuant *to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *See Evans v. Eichenlaub*, 2008 WL 4771934 * 1 (E.D. Mich., Oct. 29, 2008). Since this case was improperly filed, the Court will not consider whether Petitioner has stated a cause of action for deliberate indifference to dental care.

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* is granted. (ECF 2). This action is dismissed without prejudice. U.S.C. § 2243.[1] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: August 4, 2010                       s/Christopher A. Boyko
                                           JUDGE CHRISTOPHER A. BOYKO
                                           UNITED STATES DISTRICT JUDGE

---

C 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.